Eastern District of Kentucky
**FILED**
MAR 27 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-119-KSF

DONALD STORY                                              PETITIONER

V.                                         **ORDER**

LARRY CHANDLER, Warden                           RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

On March 31, 2005, the petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1]. Consistent with local practice, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On January 31, 2006, the Magistrate Judge filed his report and recommendation, recommending that the petition be dismissed. Specifically, the Magistrate Judge rejected the petitioner's claims that his counsel had been ineffective for failing to file a motion to suppress certain toxicology test results (1) because the chain of custody was not established and/or (2) because certain blood and urine samples were taken by the hospital in violation of the Fourth Amendment. The Magistrate Judge also rejects the petitioner's claim that his counsel was ineffective for failing to request funds from the state court to hire an expert witness, as such a request was, in fact, made and granted in the trial court. Finally, the Magistrate Judge also rejected the petitioner's claim that counsel was ineffective for failing to advise him of the lesser included offense of reckless homicide as a plausible defense to the murder charges.

The petitioner filed objections to the Magistrate Judge's proposed findings of fact and recommendation on February 13, 2006. This Court must make a *de novo* determination of those

portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

In his objections, the petitioner first asserts that he is entitled to an evidentiary hearing on the issue of his blood alcohol content at the time of the accident at issue because of an erroneous assumption made by the courts – specifically, the interpretation of the "264" on his test results as ".264 mg/dl." This argument ignores the fact that it is not for this Court to make new factual findings in the record, but only to determine whether the state court's decision was either (1) contrary to or involved an unreasonable application of clearly established Federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The fact that the petitioner's blood alcohol content was .264mg/dl is a fact that was established in the state court proceedings below. Therefore, the petitioner's first argument has no merit.

Next, the petitioner asserts that the Magistrate Judge erred in finding that there was no error in counsel's failure to file a motion regarding the chain of custody of the samples because the test results were never admitted. The Court agrees with the Magistrate Judge's assessment, and also the Magistrate Judge's conclusion that the Kentucky Court of Appeals had correctly analyzed the petitioner's claim. Regarding the petitioner's argument that he never gave anyone permission to take blood or urine samples, including hospital personnel, none of the petitioner's rights were violated in this regard. The Court agrees with the Magistrate Judge's conclusion that the law is well settled that the circumstances under which the hospital obtained a blood sample from the petitioner did not violate the Fourth Amendment. Thus, any motion to suppress would have been futile. The Court has examined the record and, having made a *de novo* determination,

is in agreement with the Magistrate Judge's report and recommendation on these points. There simply was no basis upon which the test results at issue would have been suppressed in the present case, so the law does not fault petitioner's counsel for having failed to file such a motion.[1]

As for counsel's failure to request funds to hire certain expert witnesses, the petitioner asserts that he did not have knowledge that his counsel had ever filed such a motion and, therefore, this rendered his counsel ineffective. The petitioner's allegations are factually incorrect. The Court agrees with the Magistrate Judge that, because counsel did, in fact, make such a request and said request was granted, the petitioner's argument is meritless.

The petitioner also objects to the Magistrate Judge's conclusion that his counsel was not ineffective for failing to advise him of the lesser included offense of reckless homicide. The Court agrees with the conclusion of the Magistrate Judge and the Kentucky Court of Appeals that the facts of this case squarely established the elements of wanton murder under Kentucky law. For the petitioner to now claim that had he been informed of the lesser included offense of reckless homicide he would have taken his chances at trial is disingenuous and unsupported by the record. Based on the above, the Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's proposed findings of fact and recommendation.

In determining whether a certificate of appealability should issue as to the petitioner's claims, the Court turns to Slack v. McDaniel, 529 U.S. 473 (2000), for guidance. In that case,

---

[1] The Kentucky statute cited by the petitioner likewise provides no support for his argument. That statute simply confers standing on an individual to apply for a protective order with respect to the medical records at issue, an issue not implicated in the present case. It does not, however, *require* a court to limit access to or use of these records simply because application is made. See K.R.S. § 422.315.

the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Id. at 484. In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the Magistrate Judge's report and recommendation [DE #11] is ADOPTED as and for the opinion of the Court;

(2) the respondent's motion for summary judgment [DE #9] is GRANTED;

(3) the petitioner's objections [DE #12] are OVERRULED;

(4) the petitioner's petition for a writ of habeas corpus [DE #1] is DISMISSED WITH PREJUDICE;

(5) no certificate of appealability shall issue;

(6) pursuant to 28 U.S.C. § 1915, the petitioner may not appeal this order in forma pauperis, as no such appeal can be taken in good faith; and

(7) judgment will be entered contemporaneously with this order.

This 27th day of March, 2006.

KARL S. FORESTER, SENIOR JUDGE

-4-